UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GINA MARIE DINAPOLI

        Plaintiff,      **No. 6:17-cv-06760-MAT**
  -vs-                       **DECISION AND ORDER**

NANCY A. BERRYHILL, Acting
Commissioner of Social
Security,

        Defendant.

**INTRODUCTION**

Gina Marie DiNapoli ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's application for Disability Insurance Benefits ("DIB"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. #11, 16.

**BACKGROUND**

  **A. Procedural History**

Plaintiff filed an application for DIB on October 7, 2014, alleging disability beginning April 16, 2013 based on severe anxiety, depression, panic disorder, migraines, and irritable bowel

syndrome with possible Crohn's disease. Administrative Transcript ("T.") 197-98. Plaintiff's application was initially denied on February 10, 2015, and Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). T. 95-102.

Plaintiff appeals from the July 27, 2016 decision of the ALJ which, following a video hearing during which Plaintiff testified with counsel and a Vocational Expert also testified, found the claimant not disabled from April 16, 2013 through the date of the decision. T. 74-94. On September 11, 2017, the Agency's Appeals Council denied Plaintiff's request for review and the ALJ's decision thus became the final decision subject to judicial review. T. 1-7.

The issue before the Court is whether the Commissioner's decision that Plaintiff was not disabled is supported by substantial evidence and free of legal error. 42 U.S.C. § 405(g); Beauvoir v. Chater, 104 F.3d 1432, 1433 (2d Cir. 1997).

**B. The ALJ's Decision**

The ALJ followed the five-step sequential evaluation process as set out by the Social Security Administration. 20 CFR 404.1520(a)(4). The first step of the evaluation is whether the Plaintiff has engaged in substantial gainful activity. Id. at (i). If an individual engages in substantial gainful activity, that individual is not disabled regardless of the severity of physical

2

or mental impairments. While the Plaintiff worked after the alleged disability onset date, the Plaintiff only worked part-time, and Plaintiff's yearly and quarterly earnings did not exceed the amount required to be "substantial" under the regulations. 20 CFR § 404.1574.

Under the second step of the analysis, the ALJ found Plaintiff suffered from the following severe impairments: degenerative disk disease of the lumbar spine, irritable bowel syndrome, major depressive disorder, and panic disorder. T. 79; see 20 CFR 404.1520(a)(4)(ii). Under the regulations, "severe" means significantly limiting the individual's ability to perform basic work activities. 20 C.F.R. § 404.1522. The ALJ did not find the Plaintiff's asthma or headaches to be "severe." T. 79.

Under step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. See 20 CFR 404.1520(a)(4)(iii). The ALJ noted a mild restriction in activities of daily living due primarily to physical impairment, moderate difficulties in social functioning, moderate difficulties in concentration, persistence, or pace, and no episodes of decompensation. T. 80-81.

After carefully considering the record, the ALJ found that the Plaintiff retained the residual functional capacity (RFP) to

perform light work as defined in 20 CFR 404.1567(b). The Plaintiff could occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, and crawl; perform simple, routine, repetitive tasks; and occasionally interact with supervisors, coworkers, and the public. T. 81-88. Based on these findings, the record, and particularly the testimony of the Vocational Expert, the ALJ found at step four that the Plaintiff was unable to perform any past relevant work. T. 88; see 20 CFR 404.1520(a)(4)(iv).

Taking into consideration Plaintiff's age, education, work experience, and RFP, however, the ALJ found at step five that there are jobs that exist in significant numbers in the national economy that the Plaintiff could perform, e.g., laundry worker, inspector and hand packager, and shipping and receiving weigher. T. 88-89. Consequently, the ALJ made a finding of "not disabled." T. 89; see 20 CFR 404.1520(a)(4)(v).

**C. Plaintiff's Assignments of Error**

The Plaintiff argues that 1) the ALJ's physical RFC determination was not supported by substantial evidence, and 2) the Appeals Council failed to evaluate medical opinion evidence that directly undermined the ALJ's findings. Dkt. #11-1, pp. 16, 21.

**DISCUSSION**

   **A. Scope of Review**

A federal court should set aside an ALJ decision to deny disability benefits only where it is based on legal error or is not supported by substantial evidence. Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998); see 42 U.S.C. § 405(g).

   **B. Substantial Evidence for RFC Determination**

"Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003)(quoting Curry v. Apfel, 209 F.3d 117, 122 (2d Cir. 2000)).

The record reveals that, contrary to Plaintiff's position, the ALJ fully considered the two physical RFC evaluations before the ALJ, from one-time consultative examiner, Dr. Toor, and treating physician, Dr. Hayden, who saw Plaintiff only once before issuing her opinion and did not examine Plaintiff's back or treat Plaintiff for back pain at that visit. T. 84. The ALJ properly gave both opinions partial weight and ultimately found that the record as a whole supported an RFC limitation to a range of light work with additional postural limitations. T. 81-88.

After a complete review of the record, the Court finds that the ALJ's assessment and opinion is well supported by the evidence as a whole, which plainly fails to suggest greater limitations

5

based on Plaintiff's back pain. It is important to note that the MRI study of Plaintiff's back revealed minimal findings, and doctors recommended no more than conservative treatment including physical therapy and non-opioid pain medications. Plaintiff conceded that the only pain treatment at the time of Plaintiff's hearing consisted of ibuprofen. Tr. 49. The record also reveals that, despite Plaintiff's back pain and other physical and mental impairments, Plaintiff continued to work part-time as a cashier at a gasoline service station during the claimed period of disability, continued to raise two minor children, and performed a range of daily household chores and other activities. T. 29, 34-35. The Plaintiff failed to meet her burden of proving additional RFC limitations to show that Plaintiff cannot perform the RFC as found by the ALJ.

Plaintiff's argument for greater physical RFC limitations based on the unsupported opinions of Dr. Toor and Dr. Hayden is not supported by the record. The ALJ fully considered both opinions, gave reasons for giving them partial weight, and properly evaluated claimant's RFC based on the record as a whole. In doing so, the ALJ correctly determined the RFC, after evaluating the opinion evidence, treatment records, and testimony of the claimant in the record.

The fact that the ALJ gave no more than partial weight to the two opinions of record concerning Plaintiff's physical condition does not create the "evidentiary gap" claimed by Plaintiff. After reviewing the record as a whole, the ALJ's assessment is supported because the record contains sufficient other evidence supporting the ALJ's determination and the ALJ weighed all of that evidence when making his RFC finding. Therefore, there was no gap in the record.

The ALJ properly evaluated the opinion of Dr. Toor, who performed a one-time consultative examination in January 2015. T. 84. The ALJ nonetheless discussed at length the subjective statements Plaintiff made to Dr. Toor about Plaintiff's symptoms, treatment, and activities, along with Dr. Toor's recorded observations during his examination. In finding that Dr. Toor's conclusions were "very vague," the ALJ noted Dr. Toor failed to indicate what specifically a moderate or severe limitation might be or what could be too long for the Plaintiff to remain seated. T. 84. This Court concludes that the ALJ's analysis was entirely consistent with the Regulations which require that he should not rely heavily upon such a "vague and broad" opinion. See Winn v. Colvin, 541 F. App'x 67, 69 (2d Cir. 2013). The ALJ's finding that Dr. Toor's indication that pain would interfere with her balance did not appear "to be based on more than the [Plaintiff's]

7

statements and refusal to participate fully in the evaluation," which was supported by the record. T. 84; see Dkt. 16-1, p. 16.

The ALJ did not reject credible evidence of Plaintiff's physical limitations. The ALJ found that the record supported the severe impairments of degenerative disc disease of the lumbar spine and IBS and accounted for these physical impairments in the RFC after thoroughly considering Plaintiff's statements concerning her impairments, the treatment record, and the opinion evidence. T. 81-88. Based on all the evidence, the ALJ correctly found claimant limited to a range of light work as defined in 20 C.F.R. 404.1567(b) in which she could occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; and occasionally stoop, kneel, crouch, and crawl. Claimant failed to meet her burden of showing additional limitations.

In formulating Plaintiff's RFC, the ALJ properly relied on the testimony of the vocational expert to find Plaintiff capable of a significant number of jobs in the national economy. Plaintiff did not challenge the vocational expert's testimony.

**C. Appeals Council Review**

The new evidence submitted by Plaintiff to the Appeals Council also does not support remand. Plaintiff argues that the questionnaire of Dr. Koretz (which was completed after the date of the ALJ's decision) is inconsistent with the record and the

regulations. The Appeals Council is required to review a case based on additional evidence if, in addition to meeting other requirements, that evidence relates to the period on or before the date of the hearing decision and there is reasonable probability that it would change the outcome of the decision. T. 1-2, 9; 20 C.F.R. § 404.970(a)(5). The Plaintiff must also show good cause for not submitting the evidence sooner. 20 C.F.R. § 404.970(b). The test is whether the relevant inquiry created by the new evidence makes the ALJ's decision contrary to the weight of the evidence. Rutkowski v. Astrue, 368 F. App'x 226, 229 (2d Cir. 2010).

A review of the record reveals that Dr. Koretz's questionnaire fails to undermine the ALJ's decision even if taken at face value. The record documents only one treatment visit with Dr. Koretz during the relevant period in November 2014, more than a year and a half before his finding of disability. T. 297-300. Dr. Koretz provided no explanation for the stated disability onset date, nor did he provide any medical basis for his findings. Tr. 14-15. Without supporting evidence and explanation, it is proper for Dr. Koretz's opinion to be given less weight, particularly in the face of the bulk of other evidence weighing against it, such as Plaintiff's continued ability to work part-time, the imaging studies of Plaintiff's spine, and the recommendations of treatment providers of conservative treatment. See 20 C.F.R.

9

§ 404.1527(c)(3)("The better an explanation a source provides for an opinion, the more weight we will give that opinion.").

**CONCLUSION**

For the foregoing reasons, the Court finds that the Commissioner's decision is not legally flawed and is based on substantial evidence. Accordingly, it is affirmed. The Commissioner's motion for judgment on the pleadings is granted, and the Plaintiff's motion for judgment on the pleadings is denied. The Clerk of Court is directed to close this case.

ALL OF THE ABOVE IS SO ORDERED.

                                      S/Michael A. Telesca

                                  _____
                                  HONORABLE MICHAEL A. TELESCA
                                  United States District Judge

Dated:      Rochester, New York
              January 22, 2019